IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOILERMAKER-BLACKSMITH
NATIONAL PENSION TRUST and
JOHN FULTZ, as a fiduciary of the
BOILERMAKER-BLACKSMITH
NATIONAL PENSION TRUST,

    Plaintiffs,

v.

ADVANCE BOILER & TANK CO., LLC,
and XYZ CORPORATIONS 1–10,

    Defendants.

Case No. 18-2192-DDC-TJJ

## MEMORANDUM AND ORDER

Under Federal Rule of Civil Procedure 55(b)(1), plaintiffs Boilermaker-Blacksmith National Pension Trust and John Fultz, as a fiduciary of the Boilermaker-Blacksmith National Pension Trust, have asked that the Clerk of the Court enter default judgment against defendant Advance Boiler & Tank Co., LLC. Doc. 15. For reasons explained below, the court denies the motion, but without prejudice to refiling.

Federal Rule Civil Procedure 55(b)(1) provides:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Here, plaintiffs seek a default judgment against defendant on plaintiffs' claim under the Employees Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1451(a)(1). *See* Doc. 1 at 4 (Compl. ¶¶ 20–21 (Count I)). Plaintiffs' ERISA claim asserts that defendant is

indebted to the Boilermaker-Blacksmith National Pension Trust because it has failed to pay withdrawal liability arising under defendant's collective bargaining agreement with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers (the "Trust Agreement").  *See* Doc. 15-1.

Plaintiffs' Motion for Default Judgment seeks a judgment for:  (a) the withdrawal liability that defendant owes (in the amount of $3,347,391); (b) liquidated damages (in the amount of $669,478.20); (c) interest (in the amount of $353,924.69); (d) attorneys' fees (in the amount of $15,195.50); and (e) costs (in the amount of $798.30).  In total, plaintiffs seek a default judgment in the amount of $4,386,787.69, plus additional interest at $1,320.61 per day.  On the current record, the court cannot grant plaintiffs the relief they seek for two reasons.

*First*, although the contractual amount that defendant owes to plaintiffs is appropriate for a sum certain entry of default under Fed. R. Civ. P. 55(b)(1), plaintiffs' request for attorneys' fees and costs requires a judicial determination of the reasonableness of those fees and costs.  Plaintiffs assert that the Trust Agreement requires defendant to pay attorneys' fees and costs incurred by the Boilermaker-Blacksmith National Pension Trust.  The Trust Agreement provides that defendant "shall pay . . . all *reasonable* attorneys' fees [and] costs of any action."  Doc. 15-1 at 10 (Trust Agreement Art. IV, § 3) (emphasis added).  As the Tenth Circuit has held, "[a]n award of attorneys' fees is not a sum certain where the reasonableness of those fees is still to be determined by the trial court."  *United States v. Hardage*, 985 F.2d 1427, 1438 (10th Cir. 1993).  This binding authority will not permit the court to order plaintiffs' requested attorneys' fees and costs on the current record.  But the court does not find it essential to conduct a hearing on this issue.  If plaintiffs renew their Motion for Default Judgment and provide supporting

documentation for their attorneys' fees and costs request in the form of billing records, the court can determine the reasonableness of the requested amounts.[1]

*Second*, the court cannot enter judgment against defendant Advance Boiler & Tank Co., LLC now when no reason exists yet to enter judgment against the other defendants—*i.e.*, XYZ Corporations 1–10. "[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (quoting 10 Charles A. Wright, *et al.*, *Federal Practice and Procedure* § 2690 (1983) (describing the general rule of *Frow v. De La Vega*, 82 U.S. 552 (1872))).

Here, plaintiffs have asserted two ERISA claims: one against defendant Advance Boiler & Tank Co., LLC and the other against defendants XYZ Corporations 1–10. These claims arise from the same failure to pay withdrawal liability under the Trust Agreement and seek the same damages (withdrawal liability in the amount of $3,347,391 plus interest, liquidated damages, and reasonable attorneys' fees and costs). Doc. 1 at 4–5 (Compl. ¶¶ 21, 23). And plaintiffs assert that defendants XYZ Corporations 1–10 are jointly and severally liable for the damages they seek. *Id.* (Compl. ¶ 23). Because "consistent damage awards on the same claim are essential among joint and several tortfeasors," the court cannot enter default judgment against defendant Advance Boiler & Tank Co., LLC when plaintiffs' claims against defendants XYZ Corporations

---

[1] If plaintiffs wish to file this supplementary documentation under seal, they may file a motion seeking leave to do so under D. Kan. Rule 5.4.6.

1–10 (asserting the same basis for liability and seeking the same damages) remain unadjudicated.[2]

For these reasons, on the current record, the court cannot enter default judgment against defendant Advance Boiler & Tank Co., LLC based on the current record. The court thus denies plaintiffs' motion without prejudice to refiling.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion for Default Judgment against defendant Advance Boiler & Tank Co., LLC (Doc. 15) is denied without prejudice.

**IT IS SO ORDERED.**

**Dated this 20th day of July, 2018, at Topeka, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**

---

[2] The court recognizes that the Complaint pleads that "Defendants XYZ Corporations 1–10 are fictitious entities with identities currently unknown to the Pension Trust, but which, upon information and belief, were under the common control of Advance Boiler pursuant to ERISA § 4001(b)(1) (29 U.S.C. § 1301(b)(1))." Doc. 1 at 3 (Compl. ¶ 11). Plaintiffs have not moved to amend their Complaint to identify any of the purported XYZ Corporations 1–10. Plaintiffs also have not moved to dismiss them from the action. Thus, defendants XYZ Corporations 1–10 remain in the case as currently-named defendants. And, for reasons already explained, the court cannot enter a judgment in the case against defendant Advanced Boiler & Tank Co., LLC when plaintiffs assert the same claims and seek the same damages against those additional defendants.